**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN MICHAEL PLEVYAK,<br><br>Appellant,<br><br>v.<br><br>JACK N. ZAHAROPOULOS, *et al.*,<br><br>Trustees. | No. 4:25-CV-01891<br><br>(Chief Judge Brann) |

**ORDER**

**OCTOBER 16, 2026**

Currently pending before the Court is John Michael Plevyak's motion to stay the Bankruptcy Court's Order dismissing the underlying bankruptcy case.[1] Plevyak argues that a stay is appropriate because he is likely to succeed on the merits of his bankruptcy appeal and he will suffer irreparable harm from the imminent sale of his residence.[2] He further contends that the balance of harms and the public interest favor a stay.[3]

The United States Court of Appeals for the Third Circuit has held that, in ruling on a motion to stay the effect of a bankruptcy order pending appeal, courts must assess four factors that are similar to the factors applied in considering preliminary injunctions:

---

1 Doc. 7.
2 *Id.* at 2-3.
3 *Id.* at 3-4.

> (1) whether the stay applicant has made a strong showing that [he] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.[4]

As a general matter, courts will balance all four factors "and 'consider the relative strength of the four factors.'"[5] However, "the first two factors are 'the most critical,'" with the first factor being "the more important piece of the stay analysis."[6] In light of the importance of the first two factors, only "[u]pon satisfaction of the first two factors [will] courts assess the harm to the opposing parties and weigh the public interest."[7] Accordingly, "if the movant does not make the requisite showings on either of these first two factors, the inquiry into the balance of harms and the public interest is unnecessary, and the stay should be denied without further analysis."[8]

Plevyak's motion for a stay fails because he has not satisfied the first factor—"a strong showing of the likelihood of success."[9] In analyzing that factor, the Third Circuit has been clear that a movant makes a sufficient showing "if there is 'a reasonable chance, or probability, of winning.'"[10] "While it is not enough that the

---

4 *S.S. Body Armor I., Inc. v. Carter Ledyard & Milburn LLP*, 927 F.3d 763, 771 (3d Cir. 2019).
5 *Id.* at 772 (quoting *In re Revel AC, Inc.*, 802 F.3d 558, 568 (3d Cir. 2015)).
6 *Id.* (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)).
7 *Id.* (quoting *Nken*, 556 U.S. at 435).
8 *Id.* (brackets and internal quotation marks omitted).
9 *Id.*
10 *Id.* (quoting *Singer Mgmt. Consultants, Inc. v. Milgram*, 650 F.3d 223, 229 (3d Cir. 2011) (en banc)).

chance of success on the merits be better than negligible, the likelihood of winning on appeal need not be more likely than not."[11] That is to say, a movant must demonstrate a possibility that he "win on the merits—significantly better than negligible but not greater than 50%."[12]

Plevyak asserts that he is likely to succeed because in 2022 a state court determined in a contempt order that he had provided a full accounting of his expenditures from 2012 to 2013,[13] and this decision should be given preclusive effect before the Bankruptcy Court.[14] Plevyak argues that treating the roughly $250,000 expended during that period as unexplained may have materially impacted the Bankruptcy Court's determination that dismissal of the bankruptcy case was warranted.[15]

This argument is likely to fail for three reasons. First, United States Bankruptcy Judge Mark J. Conway gave several reasons for dismissing Plevyak's bankruptcy case, one of which was independent of—and therefore not effected by—the 2012 to 2013 expenditures. Judge Conway held that Plevyak's proposed plan failed the "liquidation test," as Plevyak could not demonstrate that the proposed plan would pay out more to creditors than would liquidation of his assets.[16] This was so,

---

[11] *Id.* (ellipsis and internal quotation marks omitted).
[12] *Id.* (brackets and internal quotation marks omitted).
[13] *See* Doc. 6 at 56-61.
[14] Doc. 7 at 2-3.
[15] *Id.* at 3.
[16] Doc. 6 at 33-34.

Judge Conway reasoned, because Plevyak's proposed bankruptcy plan failed to account for, or otherwise explain, funds that had been escrowed with Plevyak's attorney in 2018, or deposits and withdrawals from Plevyak's bank account between 2021 and 2023.[17] This basis for dismissal would not be impacted by the state court's 2022 ruling, even if that opinion were entitled to preclusive effect.

Second, the missing funds from 2012 to 2013 were only small part of the other grounds for denying confirmation, which primarily centered on (1) the bad faith manner in which Plevyak's debt arose, (2) Plevyak's abuse of the bankruptcy system—including suspicious timing of his filings and motive—to stall payment to the debtor, and (3) the manner in which Plevyak's actions impacted his creditor.[18] The relative insignificance of those funds to that determination strongly indicates that, even if Judge Conway were obligated to accept the state court's finding, it would have had no impact on his determination that Plevyak's bankruptcy case should be dismissed.

Third, the 2022 state court contempt decision is not contrary to the Bankruptcy Court's decision. Rather, the state court was explicit in its ruling that "many of these [2012 to 2013] expenditures, including [Plevyak's] charitable gifts, listed by [Plevyak] are not documented" and that "many other expenditures for the time

---

[17] *Id.*
[18] *Id.* at 35-44.

period in question . . . can't be documented."[19] This in no way contradicts or undercuts Judge Conway's determination that Plevyak's testimony "was not credible" and that Plevyak's actions made it "impossible for the [Bankruptcy] Court to find that [Plevyak] has accurately disclosed" what happened to the funds from 2012 to 2013.[20] Stated differently, the state court's determination that Plevyak had provided an incomplete and unsubstantiated accounting of funds spent from 2012 to 2013 could not reasonably be viewed as precluding Judge Conway from determining that there had been no reasonably definitive accounting of those funds.

In sum, there does not appear to be any reasonable probability that Plevyak will succeed on the merits of his appeal as it relates to the dismissal of his bankruptcy case, and he therefore cannot demonstrate that he is entitled to a stay of that decision. Consequently, **IT IS HEREBY ORDERED** that Plevyak's motion to stay (Doc. 7) is **DENIED**.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

19 *Id.* at 59.
20 *Id.* at 39.